UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-61629-Civ-Jordan/McAliley

SANDRA W. FILLICHIO,

    Plaintiff,

v.

M.R.S. ASSOCIATES, INC.

    Defendant.
_____/

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

    Pursuant to Fed R. Civ. P. 56, Plaintiff moves this Court for an entry of summary judgment on the basis that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA") by placing calls to Plaintiff's cellular telephone service using an automated telephone dialing system without her prior express consent, and, in support thereof, states as follows:

    1.    It is undisputed that Defendant placed 162 telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system without Plaintiff's prior express consent. Minimum statutory damages under the TCPA are $500 per violation. The statute does not provide for discretion in the determination of minimum statutory damages. Plaintiff's minimum statutory damages are $81,000 ($500 x 162). The Court may treble the $500 upon a showing that the violations were willful or knowing. Because Defendant intended to make the calls and made no effort whatsoever to comply with the TCPA, its violations are willful or knowing and the $500 minimum statutory damages

should be trebled to $1,500 per call. Accordingly, Plaintiff requests damages of $243,000 ($1,500 x 162).

## PROCEDURAL HISTORY

2.  On June 11, 2010, the Court granted (DE 21) Plaintiff's motion to amend (DE 15) her initial Complaint (DE 1). On June 11, 2010, Plaintiff filed her First Amended Complaint, (DE 22). Defendant Answered on June 15, 2010 (DE 23). Plaintiff's First Amended Complaint, (DE 22) is the operative Complaint.

## STATEMENT OF FACTS

3.  Plaintiff's Statement of Material Facts ("PSMF") sets out the undisputed facts of this case and is being filed contemporaneously.

## STATEMENT OF QUESTION PRESENTED

4.  Did Defendant place 162 telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii)? (Count I, First Amended Complaint, (DE 22)).

5.  Plaintiff respectfully suggests that this question be answered in the affirmative.

## STANDARD FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment:
> . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on

>the issue of liability alone, although there is a genuine issue as to the amount of damages.

The entry of summary judgment is inappropriate where there exists a genuine and material issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986). Substantive law defines which facts are material, and only disputes over facts that might affect the outcome of the case will defeat summary judgment. *Id.* at 248, 106 S.Ct. at 2510. A factual dispute is genuine if a "reasonable jury could return a verdict for the non-moving party." *Id.* Although all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party, once the movants have met their burden of demonstrating the absence of a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" to prevent its entry. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 547, 586-87, 106 S. Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986). It is not sufficient for the party opposing summary judgment to provide a scintilla of evidence supporting its case. *Anderson v. Liberty Lobby, Inc.*, supra, 477 U.S. at 252, 106 S. Ct. at 2512.

There is no dispute as to facts regarding the conduct of Defendant in placing telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system. (PSMF# 1 through #15). Thus, a grant of summary judgment is appropriate against Defendant for its violations of the TCPA. Upon finding of Defendant liable for violations of the TCPA, minimum statutory $500 should to be awarded to Plaintiff. 47

3

U.S.C. § 227(b)(3)(B). Upon a finding that the TCPA violations were willful or knowing, the Court may treble the minimum damages to $1,500 per violation. 47 U.S.C. § 227(b)(3). Because Defendant intended to make the calls and made no effort whatsoever to comply with the TCPA, its violations are willful or knowing and the $500 minimum statutory damages should be trebled to $1,500 per call.

### DEFENDANT'S AUTOMATED CALLS TO PLAINTIFF'S CELLULAR TELEPHONE SERVICE VIOLATED THE TCPA

Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et al.* by using an automatic telephone dialing system to telephone the cellular telephone service of Plaintiff without her prior express consent. PSMF #1, 2, 5, 6, and 7.

The TCPA provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–
>
> * * *
>
> > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

47 U.S.C. §§ 227(b)(1).

In the first case in the federal system imposing liability against a debt collector for violation of the TCPA, United States District Judge William P. Dimitrouleas, determined

on summary judgment that the Defendant had used an automatic telephone dialing system to place calls to Plaintiff's cellular telephone without her consent. See Order Granting in Part Plaintiff's Motion for Summary Judgment (DE 148), Hicks v Client Services, Inc. Case No. 07-61822-CIV-Dimitrouleas/Snow, (S. D. Fla.), copy attached as Exhibit "A" The Court found:

> Mr. Funke (Defendant's corporate representative) answered affirmatively that once the numbers are entered into the dialer, the device will continue to dial numbers regardless of whether live employees are present, and if a live person answers, it will connect that person with Defendant's employee. [Funke Deposition, 30, 36]. This type of device, which calls a set of numbers without human intervention, falls under the FCC definition of automatic telephone dialing systems.

Hicks v. Client Services at page 9-10.

In this case, Defendant's corporate representative testified that Defendant's dialing device dials telephone numbers through automated technology without human intervention. PSMF #5. Defendant's dialing device is an automatic telephone dialing system as defined by the TCPA and its interpretative regulations issued by the Federal Communications Commission. See FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR CLARIFICATION AND DECLARATORY RULING, 07-232, ¶12, n.23 (2007), ("FCC RUL. 07-232"), attached as Exhibit "B".

Subsequent to the Hicks decision, other Courts have cited its rationale on the issue of lack of human involvement in the dialing process. In a case in which neither party filed a motion for summary judgment, in a bench trial tried by consent before United States

Magistrate Judge John J. O'Sullivan, Plaintiff demonstrated 75 violative calls and judgment was entered for $37,500.00 (75 violative calls x $500.00). See Final Judgment (DE 28), Sclafani v IC Systems, Inc., Case No.: 09-60174-Civ-Huck/O'Sullivan, (S. D. Fla.). In open Court, Magistrate O'Sullivan specifically stated that he found the rationale of the Hicks decision persuasive in determining that Defendant's dialing device was an automatic telephone dialing system as defined by the TCPA. The lack of human involvement in the dialing process as the touchstone for determination of whether a dialing device is an automatic telephone dialing system as defined by the TCPA is supported by the FCC's Rule:

> The Commission noted that the evolution of the teleservices industry had progressed to the point where dialing lists of numbers was far more cost effective, but that the basic function of such dialing equipment, had not changed—the capacity to dial numbers without human intervention.

FCC Rule 07-232 at paragraph 13.

The burden of establishing prior express consent is on the Defendant. FCC RUL. 07-232 at paragraph 10. It is undisputed that Plaintiff did not provide prior express consent to Defendant or its client, Chase Bank USA, NA on whose behalf Defendant was acting to collect Plaintiff's alleged debt. PSMF #6 and 7.

Defendant had a practice and policy of violating the TCPA. Its violations of the TCPA are willful and knowing and warrant a trebling of damages. It failed to make any effort to determine if the numbers it called were assigned to cellular numbers. PSMF #10. Other than the called party informing Defendant that the number dialed is a cellular telephone number, Defendant has no procedures to prevent violation of the TCPA. PSMF

#11. Defendant knows that the ownership of cellular telephone numbers changes frequently over time PSMF #9. And Defendant know of a procedure, a "cell phone scrub" that will alert Defendant that the telephone numbers it calls are assigned to cellular telephones, yet Defendant did not and does not bother using such a procedure. PSMF #9 and 10. Defendant did not dial Plaintiff's cellular telephone 162 times by mistake, it did so intentionally, willfully and knowingly. Defendant's client, Chase Bank USA, NA, did not provide Plaintiff's cellular number to Defendant, Chase Bank provided only Plaintiff's home telephone number to Defendant. PSMF #15. Defendant obtained Plaintiff's cellular number from a credit bureau report PSMF #4. Had Defendant obtained Plaintiff's cellular telephone number from its client, it might arguably contend that it believed Plaintiff supplied her cellular number to Defendant's client. But that is not what happened here. Chase Bank provided Defendant with Plaintiff's home telephone number only and Defendant sought out, of its own accord, additional telephone numbers for Plaintiff from a credit bureau report and called all three of the numbers it obtained from the credit bureau, one of which was Plaintiff's cellular number. The FCC has held that if a consumer provides her cellular telephone number to a creditor, that creditor and its debt collectors have consent to call the cellular number using an automated telephone dialing system. FCC RUL. 07-232 reads in relevant part:

> Although the TCPA generally prohibits autodialed calls to wireless phones, it also provides an exception for autodialed and prerecorded message calls for emergency purposes or made with the prior express consent of the called party. Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party, we clarify that such calls are permissible. We

7

> conclude that the provision of a cell phone number to a creditor, *e.g.,* as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt. In the *1992 TCPA Order*, the Commission determined that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary."

FCC RUL. 07-232, III, A, 9

Accordingly, Defendant's calls to Plaintiff were without Plaintiff's consent. Defendant knew that since it did not obtain Plaintiff's cellular number from Chase Bank that it could not possibly have had consent to call Plaintiff's cellular number via Plaintiff's provision of the cellular number to Chase Bank. Thus Defendant's calls to Plaintiff's cellular number were willing or knowing violations of the TCPA warranting the imposition of treble damages. The Northern District of Illinois recently imposed summary judgment against a debt collector for willful or knowing violation of the TCPA for $1,500 per violation:

> Courts may treble the damages award if the court finds that defendant's violations were committed "willfully or knowingly." 47 U.S.C. § 227(b)(3). Although neither the TCPA nor the FCC regulations define the terms "willfully or knowingly", courts have generally interpreted willfulness to imply only that an action was intentional. Smith v. Wade, 461 U.S. 30, 41 n.8, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983). While the TCPA does not define willful, the Communications Act of 1943, of which the TCPA is a part, defines willful as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation." In Dubsky v. Advanced Cellular Communications, Inc., No. 2008 cv 00652, 2004 WL 503757, at * 2 (Ohio Com. Pl. Feb. 24, 2004), the court found that in the context of the TCPA, the term acting "willfully" means that "the defendant acted voluntarily, and under its own free will, regardless of whether the defendant knew that it was acting in violation of the statute. Defendants argue that a finding of "willfully" or "knowingly" is an issue for the trier of fact. Pollock v. Bay Area Credit Services, LLC, 2009 U.S. Dist. LEXIS 71169, 2009 WL 2475167 (S.D. Fla. Aug. 13

> 2009). In Pollock, the court found that genuine issues of material fact existed. That is not the case here. There is no dispute as to whether Defendants intentionally made the contested phone calls to Plaintiff. Defendants have put forth no facts to contest the assertion that any of the nine disputed phone calls were made willfully or knowingly. Accordingly, I find that Defendants knowingly and willfully made the phone calls.

*Sengenberger v. Credit Control Servs*., 2010 U.S. Dist. LEXIS 43874, 16-17 (N.D. Ill. May 5, 2010)

A Florida Circuit court has held that a Defendant willfully and knowingly violated the TCPA because it dialed the Plaintiff's telephone number with intent to deliver an unsolicited facsimile: "It is undisputed that Twins willfully and knowingly sent Ebsary these thirty seven (37) unsolicited facsimiles from February 1, 2006 to present by dialing Ebsary's fax number with intent to deliver each fax transmission sent to Ebsary" The Court imposed damages of $1,500 per violation. *WILLIAM. F. EBSARY, JR.,, v. TWINS LUNCHEON, INC. d/b/a TWINS LUNCHEON*,. Circuit Court, 6th Judicial Circuit in and for Pinellas County. Case No. 06-007060-CI-007. UCN:52200 6CA 007060 XX CICI. August 11, 2009. 17 Fla. L. Weekly Supp. 443a Online Reference: FLWSUPP 1706EBSA.

In this case, the undisputed facts show that Defendant obtained Plaintiff's cellular number from credit bureau report and not from its client then willfully and knowingly placed 162 calls that it intended to be delivered to Plaintiff. Thus the violation were willful and knowing and warrant an imposition of treble damages.

The TCPA provides in pertinent part that a person will "receive $500 in damages for each such violation." 47 U.S.C. § 227(b)(3)(B). Plaintiff did not expressly consent to Defendant's automated calls to her cellular service. PSMF #6 and 7. Therefore, Plaintiff should be awarded $500 for each telephone call Defendant placed to her cellular telephone using an automatic telephone dialing system or pre-recorded message. Defendant placed 162 telephone calls to Plaintiffs cellular telephone using an automated telephone dialing system. PSMF #1. Minimum statutory damages under the TCPA are $500 per violation. 47 U.S.C. § 227(b)(3)(B). Plaintiff's minimum statutory damages are $81,000 ($500 x 162).

6.   Defendant had a practice and policy of violating the TCPA. PSMF #8, 9, 10, 11, 12, 13, and 14. It failed to make any effort to determine if the numbers it called were assigned to cellular numbers. PSMF #10. The magnitude of Defendant's violations are enormous and persistent: Defendant has roughly five hundred employees, with over four hundred employees working on a contingent fee basis focused solely on debt collection, not including the one hundred plus debt collectors in its partnership company in Mumbai, India. PSMF #12 and 13. In total, Defendant made approximately three hundred telephone calls to various telephone numbers in five months in an effort to collect Plaintiff's alleged debt. PSMF #14. Curtailing Defendant's wide-spread violations of the TCPA against all consumers is the reason Congress adopted minimum statutory damages as a remedy for any Plaintiff who brings suit. The imposition of statutory damages may give Defendant a reason to adopt practices designed to prevent future violation, practices Defendant admits it does not now have. PSMF #8 through 10. The

Court may treble the $500 upon a showing that the violations were willful or knowing. Because Defendant intended to make the calls and made no effort whatsoever to comply with the TCPA, its violations are willful or knowing and the $500 minimum statutory damages should be trebled to $1,500 per violation.

## EQUITABLE RELIEF UNDER THE TCPA

As a remedy the TCPA also provides that one may bring "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation." 47 U.S.C. §§ 227(b)(3)(A). Plaintiff requests that the Court enjoin Defendant from placing calls to Plaintiff's cellular telephone by using an automatic telephone dialing system without Plaintiff's prior express consent. In a case before United States District Judge William P. Dimitrouleas, the Court found that a prevailing Plaintiff was entitled to an injunction. See Order Granting in Part Plaintiff's Motion for Summary Judgment (DE 148), Hicks v Client Services, Inc. Case No. 07-61822-CIV-Dimitrouleas/Snow, (S. D. Fla.), "Defendant is hereby enjoined from using its dialing device to call Plaintiff Cecelia Hicks's cellular phone."

## CONCLUSION

Plaintiff respectfully requests that summary judgment be entered in her favor and against Defendant for minimum statutory damages of $500 for each of the 162 violative calls Defendant placed to Plaintiff ($81,000) and treble the minimum statutory damages to $243,000 for willful or knowing violation of the TCPA, and permanently enjoin

11

Defendant from telephoning Plaintiff's cellular telephone number.

                                               Respectfully submitted,

                                               DONALD A. YARBROUGH, ESQ.
                                               Attorney for Plaintiff
                                               Post Office Box 11842
                                               Fort Lauderdale, Florida 33339
                                               Telephone: (954) 537-2000
                                               Facsimile: (954) 566-2235
                                               donyarbrough@mindspring.com

                                               s/Donald A. Yarbrough
                                               Donald A. Yarbrough, Esq.
                                               Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-61629-Civ-Jordan/McAliley

SANDRA W. FILLICHIO,

    Plaintiff,

v.

M.R.S. ASSOCIATES, INC.

    Defendant.
_____/

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on June 17, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                     s/Donald A. Yarbrough
                                                                     Donald A. Yarbrough, Esq.

## SERVICE LIST

Mr. Ronald S. Canter, Esq.
The Law Offices of Ronald Canter, LLC
Suite 1200
11300 Rockville Pike
Rockville, MD 20852
Telephone: 301-770-7490
Facsimile: 301-770-7493

Via Notices of Electronic Filing generated by CM/ECF