UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No.:  09-61629-Civ-Jordan/McAliley

SANDRA W. FILLICHIO,

    Plaintiff,

v.

M.R.S. ASSOCIATES, INC.,

    Defendant.

_____/

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**I.   BACKGROUND**

Plaintiff, Sandra Fillichio ("Fillichio"), has filed a First Amended Complaint against Defendant MRS Associates, Inc. ("MRS") seeking damages arising out of MRS's alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Ms. Fillichio's claims are based on debt collection calls she says MRS made to a telephone number she asserts was assigned to her as a cellular telephone. She now seeks summary judgment on these claims.

**II.   STATEMENT OF FACTS**

Contemporaneous with the filing, Defendant has filed a Statement of Material Facts in Opposition to Summary Judgment as required by Local Rule 7.5(c).

**III.   STANDARD OF REVIEW**

Summary judgment is authorized under Federal Rule of Civil Procedure, Rule 56(c)(2) only when the moving party meets its burden of demonstrating that "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any

material fact and that the movant is entitled to judgment as a matter of law." In this regard, the Court must view the evidence and all reasonable factual inferences in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Rojas v. Florida, 285 F.3d 1339, 1341-42 (11th Cir. 2002). Inadmissible hearsay cannot be considered on a motion for summary judgment and all affidavits supporting summary judgment motions must "set forth such facts as would be admissible in evidence." Macuba v. Debore, 193 F.3d 1316, 1322-1323 (11th Cir. 1999).

If the record presents factual issues, the Court must not decide them; it must deny the motion and proceed to trial. Envtl. Def. Fund v. Marsh, 651 F.2d 983, 991 (5th Cir. 1981).[3] Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. Lighting Fixture & Elec. Supply Co. v. Cont'l Ins. Co., 420 F.2d 1211, 1213 (5th Cir. 1969). If reasonable minds might differ on the inferences arising from undisputed facts then the Court should deny summary judgment. Impossible Elec. Techniques, Inc. v. Wackenhut Protective Sys., Inc., 669 F.2d 1026, 1031 (5th Cir. 1982); *see*, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) ("[T]he dispute about a material fact is 'genuine,' . . . if the evidence is such that a reasonable jury could return a verdict for the non-moving party.")

The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or otherwise are not in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. Brunswick Corp. v. Vineberg, 370 F.2d 605, 611-12 (5th Cir. 1967). The Court

---

[3] Decisions of the United States Court of Appeals for the Fifth Circuit entered before October 1, 1981, are binding precedent in the Eleventh Circuit. *See,* Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981).

must resolve all ambiguities and draw all justifiable interferences in favor of the non-moving party. Liberty Lobby, Inc., 477 U.S. at 255.

IV. **PLAINTIFF'S AFFIDAVIT THAT (954) 803-7023 IS HER CELLULAR TELEPHONE NUMBER CONTAINS INADMISSIBLE HEARSAY AND CANNOT SUPPORT HER MOTION FOR SUMMARY JUDGMENT**

The only evidence Ms. Fillichio offers to support her claim that MRS made calls to her cellular telephone is found in one sentence of her affidavit to the effect that "since October, 2008, my cellular telephone has been and now is 954-803-7023." [Fillichio Affidavit (DE 26) at ¶ 3]. This affidavit is offered to prove the truth of the following facts, none of which is based on Ms. Fillichio's personal knowledge and all of which would require authentication from the records of the cell phone provider: (1) that phone number (954) 803-7023 is assigned to a cellular telephone service, (2) that (954) 803-7023 was assigned by a cellular telephone service to the Plaintiff and (3) that the cellular telephone provider established an account in Plaintiff's name for services for (954) 803-7023. Apart from the one sentence in Plaintiff's affidavit, her motion and the attached documents do not include a certification of business records from the cell phone provider which would overcome the hearsay nature of her affidavit.[2]

Although it is undisputed that MRS made efforts to call (954) 803-7023 and either left messages asking for a return call or simply let the telephone ring and disconnected the call without any communication when an answering machine was detected, this fact does not establish admissible evidence that (954) 803-7023 is Plaintiff's "telephone number assigned to a . . . cellular telephone service." 47 U.S.C. §227(b)(1)(A)(iii). Instead, the undisputed

---

[2] For reasons which cannot be explained, Plaintiff's counsel has come to the too late realization that he cannot establish, for purposes of summary judgment, that (954) 803-7023 is Ms. Fillichio's cell phone number based solely on her hearsay affidavit. On the eve of the filing of this opposition (July 8), and two (2) months after the close of all discovery, Plaintiff has served "Amended Initial Disclosures" on Defendant which attach documents purporting to evidence an agreement between "Sandra Fillicho" and AT&T. These documents were not used to support the motion for summary judgment and are not authenticated by the records custodian of AT&T. Therefore these papers do not qualify under the business records exception to the hearsay rule. For this reason, this Court should not consider these documents if submitted by the Plaintiff in her reply.

3

evidence in this record that MRS made calls to (954) 803-7023 allows for a number of inferences suggesting that this phone number is not Ms. Fillichio's cell phone number, any of which would operate to defeat summary judgment. In the absence of authenticated and certified records from the telephone service provider that would establish (954) 803-7023 is a cell phone number, it is just as reasonable to infer that the phone number is a landline number. An additional reasonable inference is that Ms. Fillichio may have used a call forwarding program to direct MRS's calls made to (954) 803-7023 to another phone which she uses as a cell phone.

Apart from the question of whether the phone number at issue is a cell phone, Ms. Fillichio's hearsay affidavit also permits a contrary inference to be drawn that Ms. Fillichio uses a cellular telephone number that is billed to a third party or paid by a third party such as of relative, friend and/or employer, thereby negating her standing to bring this action.[3]

Additionally, Plaintiff's hearsay testimony that (954) 803-7023 was a cell phone number assigned to her violates the best evidence rule. *See, e.g.,* U.S. v. Henry, 307 Fed. Appx. 331, *4 (11th Cir., Jan. 13, 2009) (affirming ruling excluding copies of tax reporting forms offered by Defendant's tax preparer where the documents did not qualify under the business records exception and holding that testimony as to what was contained in the tax returns was barred by the best evidence rule). Because the Plaintiff has failed to adduce admissible evidence that: (1) the phone number of (954) 803-7023 was assigned as a cellular telephone number; (2) that a cellular telephone provider assigned the phone number of (954) 803-7023 to the Plaintiff and/or (3) that the Plaintiff was billed for charges to (954) 803-7023, her motion for summary judgment should be denied.

---

[3] Although not required at this stage of the proceedings, Plaintiff's testimony that she destroyed all her records of cell phone charges (Defendant's Statement of Facts, filed contemporaneously herewith, hereafter "DSMF", ¶ 28) may allow Defendant at trial to seek an adverse inference instruction based on the spoliation of evidence rule. *See, e.g.*, Eli Lilly and Company v. Air Exp. Inter. USA, Inc., 602 F.Supp. 2d 1260, 1280 (S.D. Fla. 2009).

### V. THE QUESTION OF WHETHER THE PLAINTIFF RECEIVED CALLS FROM THE DEFENDANT WHERE NO MESSAGE WAS LEFT PRECLUDES SUMMARY JUDGMENT

It is undisputed that MRS made attempts to connect with Ms. Fillichio through 157 automated calls, 31 of which resulted in messages being left on her telephone. (DSMF, ¶ 21). At the times when the phone rang and no message was left, Plaintiff has not adduced evidence that she was aware of these calls. She has not provided an affidavit that she heard the phone ring and that she identified the call as being from MRS. Moreover, during the time MRS was trying to reach her, Ms. Fillichio did not have a caller ID feature on her phone that would have allowed her to identify any missed calls. (DSMF, ¶ 22).

The absence of evidence that Ms. Fillichio was aware of the calls where no message was left brings to mind the venerable riddle attributed by some to the 18th Century Irish philosopher, George Berkley which poses the quandary that "if a tree falls in the forest and no one is around to hear, does it make a sound?" *See* Lonaconing Trap Club, Inc. v. Maryland Department of the Environment, 410 Md. 326, 330, 978 A.2d 702, 704 (2009); *see also*, Winslow v. Salem Five Mortgage Company, LLC, 391 B.R. 212, 216 (Bkrtcy. D. ME. 2008) ("like 'a tree that falls in a deserted forest . . .,' an action taken by a creditor without a debtor's knowledge can have no threatening effect.")

"Congress enacted the Telephone Consumer Protection Act (TCPA), as codified in §227 of the Communications Act of 1934, as amended, in an effort to address a growing number of telephone marketing calls and certain telemarketing practices Congress found to be in an invasion of consumer privacy." Starkey v. Firstsour CE Advantage, LLC, 2010 WL 2541756, *3 (W.D.N.Y. Mar. 11, 2010) (emphasis added). There is no infringement of privacy in the absence of evidence that the Plaintiff was aware of the calls that were made, but disconnected

5

without leaving a message. Without evidence that the Plaintiff was in the forest to hear the tree fall, a question of fact remains as to whether the disconnected calls violate the TCPA. Accordingly, summary judgment should be denied.

## VI. THE TRIER OF FACT SHOULD DETERMINE THE AMOUNT OF PLAINTIFF'S DAMAGES

### A. THE AWARD OF STATUTORY DAMAGES OF UP TO $500.00 PER CALL IS DISCRETIONARY

It is undisputed that Plaintiff knew she could stop MRS's efforts to reach her on her cell phone by sending a cease and desist request. (DSMF, ¶ 26). She failed to do so. Based on these facts, Plaintiff is not entitled, as a matter of law, to $500.00 per violation. *See, e.g.*, Texas v. American Blast Fax, Inc., 164 F.Supp. 2d 892, 900 (W.D. Tex. 2001) (interpreting TCPA provision as allowing for "up to" $500.00 per violation.) Instead, the question of the amount of damages, if any, should be left to the trier of fact.

### B. THE ISSUE OF WHETHER PLAINTIFF FAILED TO MITIGATE HER DAMAGES PRECLUDES ENTRY OF SUMMARY JUDGMENT

The general principle that a Plaintiff seeking damages cannot sit idly by and allow damages to increase when through reasonable actions such damages could be avoided has long been recognized. "This notion is sometimes referred to as the 'duty' to mitigate damages or the rule of avoidable consequences." Alcoa Steamship Co. v. Charles Ferran & Co., 383 F.2d 46, 54 (5th Cir. 1967).

"'The principle of 'avoidable consequences' upon which the reduction of damages rule is grounded . . . finds its application in virtually every type of case in which the recovery of a money judgment or award is authorized. . . . It addresses itself to the equity of the law that a plaintiff should not recover for those consequences of defendant's act which were readily avoidable by the plaintiff.'" Air Caledonie Itern. v. AAR Parts Trading, Inc., 315 F.Supp. 2d

6

1319, 1338 (S.D. Fla. 2004); *quoting* State ex. rel. Dresskell v. City of Miami, 153 Fla. 90, 94, 13 So. 2d 707 (1943). "The doctrine of avoidable consequences is a recognition of the law's general policy that parties minimize damages through reasonable diligence. . . . *See* Alcoa Steamship Company v. Charles Ferran & Company, 383 F.2d 46, 54 (5th Cir. 1967); W. Prosser, Law of Torts 2d 3d. § 51, p. 287." Ford Motor Co. v. Dallas Power & Light Co., 499 F.2d 400, 415 (5th Cir. 1974).

The duty is required under other federal statutes authorizing statutory damages. *See, e.g.,* McKnight v. Benitez, 176 F.Supp. 2d 1301, 1309, n.4 (M.D. Fla. 2001) (recognizing duty to mitigate damages in FDCPA case); Sea Gayle Music v. Johnson, 2010 W L 1872790, *1 (W.D. Tenn. 2010), *Report and Recommendation adopted by* Sea Gayle Music v. Johnson, 2010 WL 1872788 (W.D. Tenn. 2010) (holding that "there would be corresponding duties of Plaintiffs not to sit on their rights during this entire time and, further, a duty to mitigate their damages," where plaintiffs seeking statutory damages for copyright infringement took no affirmative steps to stop the infringement for six years).

The Eleventh Circuit has recognized that the statutory damages provisions of the TCPA are remedial, i.e., designed to compensate the individual for the harm suffered, and are not penal in nature. *See, e.g.,* Hooters of Augusta, Inc. v. American Global Insurance Company, 272 F.Supp. 2d 1365, 1375-1376 (S.D. Ga. 2003) (noting that the purpose of 47 U.S.C. §227 "is to redress harms to individuals"), *affirmed in relevant part,* 157 Fed. Appx. 201, 211 (11th Cir. 2005); Penzer v. Transportation Insurance Company, 545 F.3d 1303, 1310 (11th Cir. 2008). Plaintiff therefore must take reasonable steps to minimize her damages. Alcoa, 383 F.2d at 54.

Ms. Fillichio is a seasoned consumer litigant who is employed by the very attorney who represents her in this and eleven other consumer cases filed in this Court. (DSMF, ¶¶ 24, 25).

7

She has testified that she was aware that she could stop the calls to her cell phone by contacting MRS, yet she failed to do so. (DSMF, ¶¶ 26, 27). Rather than minimize her damages, she sat idly by and let the calls continue for five months, increasing her now claimed statutory damages with each successive call.

MRS has specifically pled Plaintiff's failure to mitigate her damages as an affirmative defense in its answer to Plaintiff's amended complaint. (DE 23, at p. 3). The undisputed facts support this defense. Whether a Plaintiff's failure to mitigate damages is reasonable or unreasonable in the circumstances is "a peculiarly fact sensitive inquiry which is appropriately reserved to the trier of fact at trial." Spedag Americas, Inc. ex rel. M + R Spedag Asia Group Members v. Petters Hospitality and Entertainment Group, LLC, 2008 WL 3889551, *8 (S.D. Fla. 2008) (denying summary judgment on the issue of damages, where Defendant had raised mitigation of damages as an affirmative defense). The result should be no different here, and summary judgment should be denied.

    C.    THE QUESTION OF WHETHER DEFENDANT WILLFULLY OR KNOWINGLY VIOLATED THE TCPA IS RESERVED FOR THE TRIER OF FACT

Ms. Fillichio argues that Defendant had a policy and practice of violating the TCPA which entitles her, as a matter of law, to treble damages under the TCPA. This contention is negated by the disputed facts in the record.

Plaintiff claims that the fact that the Defendant did not use a "cell phone scrub" in its collection operations establishes a knowing and willful violation of the TCPA. However, the cell phone scrub is a product of unknown reliability and no company has provided MRS with assurance that a cell phone scrub is precise and correct nor has any vendor been wiling to reveal the source of its data. (DSMF, ¶ 23).

The argument advanced by Ms. Fillichio here is identical to the argument made in <u>Pollock v. Bay Area Credit Service, LLC</u>, 2009 WL 2475167, *11 (S.D. Fla. Aug. 13, 2009). There, Plaintiff argued that "Defendant's violations were willful or knowing as Defendant admitted it knew of the prohibitions, yet had a practice and policy of telephoning consumers without any knowledge of whether it was a cell phone and had no procedures in place to determine this." In denying summary judgment, this Court held that "the issues of willfulness and amount of damages [under the TCPA] remained for the jury to consider." <u>Id</u>. The same result should follow here given the identical nature of Plaintiff's arguments.

Plaintiff's reliance on <u>Sengenberger v. Credit Control Services, Inc.</u>, 2010 WL 1791720 (N.D. Ill, May 5, 2010) to support her argument cannot withstand scrutiny. The treble award in that case was entered because the debt collector persisted in making automated calls and leaving messages after receiving the Plaintiff's written notice to cease and desist all communications. In contrast, Ms. Fillichio never sent a cease and desist demand to MRS even though she understood that MRS would stop calling if she did so. Therefore, the question of whether MRS willfully or knowingly violated the TCPA must be decided by the trier of fact.

### VII.   CONCLUSION

For all the reasons set forth in this opposition, your Defendant respectfully asks that Plaintiff's Motion for Summary Judgment be denied.

THE LAW OFFICES OF RONALD S. CANTER, LLC


/s/ Ronald S. Canter
Ronald S. Canter, Esquire
11300 Rockville Pike, Suite 1200
Rockville, MD 20852
Telephone:  301-770-7490
Facsimile:  301-770-7493
E-Mail:  rcanter@roncanterllc.com
Attorney for Defendant

400 S. Dixie Hwy #322
Boca Raton, FL  33432
Local Address


CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual listed below by Electronic Notification on this 9th day of July, 2010 to:

Donald A. Yarbrough, Esquire
Post Office Box 11842
Fort Lauderdale, FL  33339
Attorney for Plaintiff


/s/ Ronald S. Canter
Ronald S. Canter, Esquire
Attorney for Defendant