UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No.:  09-61629-Civ-Jordan/McAliley

SANDRA W. FILLICHIO

    Plaintiff,

v.

M.R.S. ASSOCIATES, INC.,

    Defendant.
_____/

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION IN LIMINE**

**I.   PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING TESTIMONY FROM A CELLULAR TELEPHONE PROVIDER TO ESTABLISH THAT DEFENDANT PLACED CALLS TO A CELLULAR TELEPHONE NUMBER ASSIGNED TO THE PLAINTIFF**

Plaintiff's initial Rule 26 disclosures did not identify a representative from any cellular telephone provider as an individual with discoverable information about her claims nor did the Plaintiff disclose her cellular telephone records as documents relevant to her case. (Exhibit 1). Instead, she identified herself and the records custodian of her attorney as the only individuals with discoverable information and listed "audio recordings of telephone messages" and a vague, unspecific reference to "correspondence" within the category of relevant documents. (Exhibit 1). The Joint Pre-Trial Stipulation also does not list a representative of a cellular telephone provider as a potential witness for the Plaintiff (DE 48 at p. 5).

In responding to discovery, Plaintiff revealed that she did not have any cellular phone records. (Exhibit 2, Plaintiff's Response to Request for Production of Documents at #15). She also testified at her deposition that she destroyed all her cell phone bills (Deposition of Sandra Fillichio, DE 34 at p. 38, lines 12-16, p. 38, line 23 to p. 41, line 9).

1

Plaintiff belatedly recognized her failure to adduce admissible evidence to establish that the phone number at issue was a "telephone number assigned . . . (by) . . . a cellular telephone service", 47 U.S.C. §227(b)(1)(a)(iii) (emphasis added), and during the September 24 hearing on Plaintiff's Motion for Summary Judgment, her counsel asked the Court to reopen discovery to take the deposition of the cellular telephone provider's custodian of records. This Court denied the request explaining that it would not be appropriate to allow a deposition after the close of discovery merely because a party failed obtain relevant information required to prove its claim. The same result should follow at trial. Defendant therefore asks that this Court enter an order prohibiting the Plaintiff from calling a representative of a cellular telephone provider to testify and should also preclude Plaintiff from offering certified business records of a cellular telephone provider as evidence to support her claim.[1] *See,* R&R Sails, Inc. v. Insurance Company of the State of Pennsylvania, 2009 WL 5216928 (S.D. Cal. Dec. 30, 2009) (affirming prior ruling granting motion in limine to preclude introduction of itemized bills where Plaintiff failed to list documents in Rule 26(a) disclosures).

**II.   DEFENDANT SHOULD BE PRECLUDED FROM OFFERING TESTIMONY REGARDING HER CELLULAR TELEPHONE NUMBER**

Plaintiff's Rule 26(a)(1) disclosures did not list her cellular telephone records or billing statements as evidence that would demonstrate that the phone number in question was assigned to her by a cellular telephone provider.[2] Plaintiff, in response to Defendant's Request for Production of Documents, stated that she had no records of her cell phone bills, explaining at her

---

[1] Plaintiffs portion of the pre-trial stipulation filed August 10, 2010 identifies as exhibits an "AT&T Cell History 95-09 - 6-23-10" and "AT&T 18 monthly cell bills" (DE 48 at 5) but provides no explanation as to how these records, which Plaintiff testified at her deposition on May 10, 2010 had been "thrown away" (DE 34 at p. 41, line 2 through line 9) have suddenly surfaced. Defendant has duly noted an objection in the pre-trial stipulation to the introduction of these records based on authenticity, relevancy and undue prejudice.

[2] The sale and distribution of cellular telephones is subject to the licensing and regulatory authority of the Federal Communication Commission. *See generally,* Celico Partnership v. FCC, 357 F.3d 88 (D. C. Cir. 2004).

deposition that she destroyed her billing records. Absent the production and authentication of records establishing Plaintiff's cellular telephone number in discovery, Defendant will be prejudiced if Ms. Fillichio is permitted to offer testimony as to what her cellular telephone number is at trial. *See,* Ryan v. Board of Police Commissioners of the City of St. Louis, 96 F.3 1078, 1083 (8th Cir. 1996) (remanding for new trial because trial court improperly allowed testimony despite the fact that defense counsel waited until trial to produce certain requested discovery, as it hindered efforts of Plaintiff's counsel to "effectively prepare their case.")

Plaintiff's testimony as to her cellular telephone number should also be excluded because it is hearsay as to the seminal issue in this case, i.e., whether the Defendant made an automated call to a "telephone number assigned to (the Plaintiff) . . . (by) a cellular telephone service." 47 U.S.C. §227(b)(1)(A)(iii) (emphasis added). Defendant is not suggesting that Plaintiff lacks personal knowledge as to her cellular telephone number if the testimony is offered for other purposes. However, in this case, it is manifest that Ms. Fillichio does not have personal knowledge that a cellular telephone provider assigned the phone number to her. Instead, a representative of the business that issued the phone service is the proper witness with personal knowledge to establish this fact. Plaintiff therefore should be precluded from testifying as to her cellular telephone number where, as explained below, the probative value of her testimony is substantially outweighed by the unfair prejudice visited upon the Defendant. *See,* Rule 403, Federal Rules of Evidence.

If the Court allows the Plaintiff to testify what her cell telephone number is, the proverbial "cat" will be "out of the bag", and the "slow death" referred to by the Court when questioning undersigned counsel at the Motion for Summary Judgment hearing will necessarily follow. Accordingly, to the extent Plaintiff has personal knowledge of her cellular telephone

3

number, her testimony should be excluded because it would unfairly prejudice the Defendant where this testimony is proffered to establish that the telephone number was assigned by a cellular telephone provider, a fact which is not within the personal knowledge of the Plaintiff.

### III.  PLAINTIFF SHOULD NOT BE PERMITTED TO REFER TO THE EXISTENCE OF A CELL PHONE SCRUB TO ESTABLISH A WILLFUL OR KNOWING VIOLATION FO THE TCPA

47 U.S.C. §227(b)(3) permits a trebling of damages where a party "willfully or knowingly" violates the Telephone Consumer Protection Act. During pre-trial discovery, Plaintiff asked Defendant's corporate representative about the existence of a "cell phone scrub", a term of art referring to a series of computer products and/or programs which purport to provide a list of cell phone numbers. None of the companies that market a cell phone scrub offer any assurance that the product is precise and correct nor do the providers disclose the origin of the data sold as a cell phone scrub, leading to a substantial question as to the utility of the product. *See,* Affidavit of Michael Meyer (DE 33-2).

The fact that a product of questionable reliability that lists cell phone numbers is marketed cannot be proffered as evidence that MRS willfully or knowingly called Ms, Fillichio's cell phone number where the "knowing" element of the TCPA requires proof that a Defendant realized it was aware of the nature of the offensive conduct. Further, the Supreme Court has explained that the term "willful", when used in the context of a civil statute imposing liability for liquidated damages, requires proof of knowledge or reckless disregard for the matter of whether the conduct is prohibited by the statute. *See,* Trans World Airlines v. Thurston, 469 U.S. 111, 128 (1985) (applying "willful" standard to liquidated damage provision of Age Discrimination in Employment Act.)

The fact that the Defendant was aware of a cell phone scrub cannot establish either the "knowing" or "willful" standard required to impose enhanced damages absent direct evidence that MRS Associates knew the number it was calling was the Plaintiff's cell phone. Accordingly, any evidence relating to a cell phone scrub is not relevant to the applicable standard and for that reason Defendant is entitled to an order excluding testimony about the use of a cell phone scrub at the trial in this case.

### IV. PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO HER SETTLED CLAIMS UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

The first Amended Complaint, which is the operative pleading in this case, states a claim under the Telephone Consumer Protection Act.. Earlier, the parties settled Plaintiff's Fair Debt Collection Practices Act and Florida Consumer Collection Practices Act claims. (DE 21).

The fact that the Plaintiff brought other claims against Defendant that have been resolved renders any evidence relating to those causes of action irrelevant at this stage of the litigation. Accordingly, Defendant asks that this Honorable Court enter an order excluding any reference to the FDCPA and/or FCCPA claims and to bar any evidence relating to the elements of those claims at the trial in this case.

### V. CONCLUSION

For the reasons set forth herein, Defendant asks that its Motion in Limine be granted.

THE LAW OFFICES OF RONALD S. CANTER, LLC

/s/ Ronald S. Canter
Ronald S. Canter, Esquire
11300 Rockville Pike, Suite 1200
Rockville, MD 20852
Telephone:  301-770-7490
Facsimile:  301-770-7493
E-Mail:  rcanter@roncanterllc.com
Attorney for Defendant

        400 S. Dixie Hwy #322
        Boca Raton, FL  33432
        Local Address

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual listed below by Electronic Notification on this 4th day of October, 2010 to:

    Donald A. Yarbrough, Esquire
    Post Office Box 11842
    Fort Lauderdale, FL  33339
    Attorney for Plaintiff

    /s/ Ronald S. Canter
    Ronald S. Canter, Esquire
    Attorney for Defendant