UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61629-CIV-JORDAN

| | |
|---|---|
| SANDRA W. FILLICHIO, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| M.R.S. ASSOCIATES, INC. | ) |
| | ) |
| Defendant | ) |
| _____ | ) |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

For the reasons stated below, Ms. Fillichio's motion for summary judgment [D.E. 24] is GRANTED IN PART and DENIED IN PART.

**I. FACTS**

In October of 2008, Chase Bank retained MRS Associates, Inc. to collect Sandra Fillichio's past due credit card bill. Chase Bank provided MRS with Ms. Fillichio's home phone number (954-783-####), which was the only telephone number attributed to the credit card account. MRS also obtained other numbers allegedly belonging to Ms. Fillichio through her credit bureau report, including 954-803-####, a number that she asserts (as she testified at her deposition) is her cellular telephone number. Between October of 2008 and March of 2009, MRS placed 157 phone calls by an automated dialing device to Ms. Fillichio at 954-803-####, and left 31 messages, in an effort to collect the past due debt. At the time the calls were made, Ms. Fillichio did not have caller identification on her cellular phone. Additionally, Ms. Fillichio never responded to any of the messages left for her, never actually answered the calls made to her by MRS, and did not make any efforts to request that MRS cease making debt collection calls to her alleged cellular phone number.

Ms. Fillichio submitted an initial declaration (with her motion for summary judgment) stating that 954-803-#### has been her cellular telephone number "[f]or the past several years and certainly since October 2008." She then submitted a second declaration (with her reply), enclosing two letters she alleges to have obtained from her cellular provider, showing her cellular telephone number. The letters are AT&T "customer service summar[ies]" for Sandra Fillicho, providing a breakdown of the

terms of service and plan details for the wireless telephone number 954-803-####. The first summary was generated on July 3, 2007, and was applicable for a 24 month term of duration. The second summary was generated on September 22, 2009, with the same term of duration. Ms. Fillichio has not provided any evidence authenticating these customer service summaries.

## II. LEGAL STANDARD

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where the non-moving party fails to prove an essential element of its case for which it has the burden of proof at trial, summary judgment is warranted. *See Celotex Corp.*, 477 U.S. at 323. That is, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). In making this assessment, the court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *see Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997), and "resolve all reasonable doubts about the facts in favor of the nonmovant." *See United of Omaha Life Ins. v. Sun Life Ins. Co.*, 894 F.2d 1555, 1558 (11th Cir. 1990). I therefore review the facts in the light most favorable to the defendant, MRS.

## III. ANALYSIS

Ms. Fillichio has moved for summary judgment, asserting that she is due statutory damages of $500 per call under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., along with treble damages because MRS' violations were willful or knowing. MRS argues that summary judgment is not appropriate on the issue of liability under the TCPA because Ms. Fillichio has not produced admissible evidence that the number dialed was her cellular telephone and there is no evidence that Ms. Fillichio was aware of the calls when MRS did not leave messages. Further, with regards to damages, MRS contends that Ms. Fillichio failed to mitigate her damages (thereby precluding summary judgment), and that the calls were not willful or knowing.

### A. LIABILITY

#### 1. EVIDENCE OF MS. FILLICHIO'S CELLULAR TELEPHONE NUMBER

The TCPA prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system" to "any telephone number assigned to a . . . cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). A person may bring "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater. . . ." *See id.* at § 227(b)(3)(B).

It is undisputed that MRS made 157 calls to 954-803-#### using an automatic telephone dialing system. Ms. Fillichio has submitted a declaration and testified in her deposition that 954-803-#### was her cellular telephone number, and that she paid the bills for the phone. MRS contends that Ms. Fillichio's testimony is insufficient evidence that 954-803-#### was assigned to her cellular service because it is hearsay. I disagree. Ms. Fillichio's statements are not hearsay because they are not statements "other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *See* Fed. R. Evid. 801(c). Moreover, Ms. Fillichio purportedly has personal knowledge of her own cellular telephone number. MRS cites no authority to support its claim that Ms. Fillichio was required to produce authenticated records from a cellular provider to show the cellular number belonged to her, or that her declaration and deposition testimony is otherwise inadequate proof. *Cf. United States v. Fisher,* 181 Fed.Appx. 426, 427 (5th Cir. 2006) ("[The agent's] testimony – that his cell phone bill was his own. . . provided sufficient evidence to support a finding that the records in question were authentic."). If MRS truly wanted to challenge the veracity of Ms. Fillichio's testimony, it could have obtained records from AT&T to show that the number at issue was not assigned to her. Therefore, even without considering the second declaration and attached exhibits – which were submitted only with the reply – MRS has failed to raise a genuine issue of material fact as to whether the number dialed belonged to Ms. Fillichio's cellular phone.[1]

---

[1] I previously denied MRS' motion to file a sur-reply [D.E. 55] on the basis that I would not consider new evidence submitted by Ms Fillichio in her reply. Accordingly, the materials submitted by Ms.

### 2. Ms. Fillichio's Awareness of the Telephone Calls

MRS also argues that Ms. Fillichio is not entitled to statutory damages for those calls where a message was not left because she has not produced any evidence "that she was aware of these calls." MRS called Ms. Fillichio's cellular telephone number 126 times without leaving a message, and there is no evidence indicating that – when those calls were placed – Ms. Fillichio heard the phone ring or identified the call as being placed by MRS. Ms. Fillichio contends that a "[p]laintiffs's awareness of call attempts by [d]efendant is not a necessary element to prove [d]efendant's violation TCPA."

The plain language of the Act prohibits "*mak[ing] any call* . . . using any automatic telephone dialing system . . . [to] any telephone number assigned to a . . . cellular telephone service." *See* § 227(b)(1)(A) (emphasis added). MRS is essentially arguing that the statute's prohibition language not only requires that a call be "made" or placed using an automatic telephone dialing system, but that the owner of the cellular telephone number be "aware" of the calls. The text of the TCPA, however, does not include such a requirement. MRS has not cited any cases holding that the recipient of a call must answer the phone or somehow be aware of the call in order for there to be a violation of the TCPA. Further, it has not identified any Federal Communications Commission ("FCC") regulations or decisions issued pursuant to the TCPA that would interpret the TCPA's prohibition to include such a requirement. *See* § 227(b)(2) ("The [FCC] shall prescribe regulations to implement the requirements of this subsection.") Accordingly, I decline to infer that requirement here, and rely on the plain language of the Act. *See Clark v. Riley*, 595 F.3d 1258, 1266 (11th Cir. 2010) ("If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.") (citation omitted).

Moreover, even if I were to engage in a different statutory construction of the TCPA, the

---

Fillichio in her reply for the first time are not considered. *See First Specialty Ins. Corp. v. 633 Partners, Ltd.,* 300 Fed.Appx. 777, 788 (11th Cir. 2008) ("Our sister circuits have held that a district court can abuse its discretion by failing to give the opposing party a chance to respond to materials presented for the first time in a reply brief and instead granting summary judgment on the basis of that evidence.") (citation omitted).

result would be the same. Because the TCPA does not provide a definition for the word "call," I would be required to interpret the word according to its "ordinary, contemporary, common meaning." *See, e.g., Perrin v. United States*, 444 U.S. 37, 42 (U.S. 1979) ("A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking ordinary, contemporary, common meaning."). In *Satterfield v. Simon & Schuster,* 569 F.3d 946, 953-54 (9th Cir. 2009) (citation ommitted), the Ninth Circuit, examining the same provision of the TCPA, noted that the dictionary definition of "call" in this context was "'to communicate with or try to get into communication with a person by a telephone.'" *Id*. at 953-954 (quoting Webster's Third New International Dictionary (2002). Based on that definition, the Ninth Circuit found that, in the TCPA, "Congress intended to regulate the use of an [automatic telephone dialing system] to communicate or *try to get into communication* with a person by a telephone." *See id.* at 954 (emphasis added).[2] Accordingly, the prohibition in the TCPA applies to phone calls placed to cellular telephone numbers even if the intended recipient does not answer the calls. It is the mere act of placing the call that triggers the statute.

### B. DAMAGES

MRS asserts that summary judgment on statutory damages of $500 per violation is inappropriate because (1) the award of statutory damages is discretionary and (2) Ms. Fillichio had a duty to mitigate her damages by sending MRS a cease and desist request. These arguments are not persuasive.

First, § 227(b)(3)(B) of the TCPA, under which Ms. Fillichio brings her claim, provides that a "person or entity may. . . bring. . . an action to recover for actual monetary loss from such a violation, *or to receive $500 in damages for each such violation, whichever is greater. . .*" (emphasis added). This language provides that Ms. Fillichio can bring an action to recover either damages for actual monetary loss, or $500 in statutory damages, for each violation. Here, Ms. Fillichio seeks $500 in statutory damages for each violation by MRS.

---

[2] In *Satterfield*, the Ninth Circuit was examining whether a text message from an automatic telephone dialing system would constitute a violation of § 227(b)(1)(A). *See Satterfield*, 569 F.3d at 952.

MRS cites *Texas v. American Blast Fax, Inc.*, 164 F.Supp.2d 892, 900 (W.D.Tex. 2001), for the proposition that TCPA statutory damages are discretionary. But *American Blast Fax* concerns the interpretation of a § 227(f)(1), a different sub-section of the TCPA pertaining to actions brought by states' attorneys' general for violations of the Act. The language of § 227(f)(1) provides that the states may bring "an action to recover for actual monetary loss or receive $500 in damages for each such violation. . .." *See* § 227(f)(1). This is different than § 227(b)(3)(B), which states that a person may bring an action for either actual monetary loss or $500 for each violation, depending on "whichever is greater." *See* § 227(b)(3)(B). The language of § 227(b)(3)(B) logically provides that the $500 damage provision is a set number, as a private litigant can bring an action for actual monetary loss if it is greater than the set sum of $500. There would be no point in including the language "whichever is greater" if the statutory damages provision was meant to be discretionary. *See United States v. Nordic Village Inc.*, 503 U.S. 30, 36 (U.S.1992) (it is a "settled rule that a statute must, if possible, be construed in such fashion that every word has some operative effect").

Additionally, the TCPA actually does contain a separate provision providing courts with discretion to award "up to" $500 in statutory damages for violation of a different subsection of the statute. *See* § 227(c)(5)(B) ("A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may. . .bring . . .an action to recover for actual monetary loss from such a violation, or *to receive up to $500 in damages for each such violation*, whichever is greater. . .") (emphasis added). The fact that § 227(b)(3)(B), the provision under which Ms. Fillichio brings her claim, does not employ this same discretionary language – found elsewhere in the same Act – further undermines MRS' argument.

It should also be noted that other courts have similarly held that the $500 figure is a mandatory fixed sum. *See, e.g., J2 Global Communications, Inc. v. Blue Jay Inc.*, Case No. C 08-4254 PJH, 2009 WL 4572726, at *7 (N.D.Cal. Dec. 1, 2009) ("Because [the defendant] violated the TCPA twenty-eight times, [the plaintiff] is entitled to at least $14,000 (i.e., 28 x $500)."); *Kopff v. Roth,* Case No. 05-798(JDB), 2007 WL 1748918, at *2 (D.D.C. June 15, 2007) ("Accordingly, the Court finds that [the defendant] is responsible for the willful transmission of a total of 120 unsolicited facsimiles received by plaintiffs. The actual monetary loss from these transmissions was

negligible. Accordingly, plaintiffs are entitled to statutory damages in the amount of $500 per transmission, for a total of $60,000.").

Second, MRS has presented no authority that requires a plaintiff to mitigate damages under the TCPA, and each case I have found that has considered this issue has concluded that the TCPA does not impose a duty to mitigate. *See, e.g.*, *Holtzman v. Turza*, 2010 WL 3076258, at *5 (N.D. Ill. 2010) ("Mitigation of damages is not a defense under the TCPA, and each instance of a violation is independently actionable."); *State ex rel. Charvat v. Frye*, 868 N.E.2d 270, 275 (Ohio 2007) ("There is no duty to mitigate in TCPA cases."); *Manuf. Auto Leasing, Inc. v. Autoflex Leasing, Inc.*, 139 S.W.3d 342, 347 (Tex. Ct. App. 2004) ("no duty to contact [defendant] and ask them to stop violating the TCPA"); *Onsite Computer Consulting Svs., Inc. v. Dartek Computer Supply Corp.*, 2006 WL 2771640, at *4 (Mo. Ct. App. 2006) ("Plaintiff was not required to mitigate its damages by calling Defendant."); *Jemiola v. XYZ Corp.*, 802 N.E.2d 745, 750 (Ohio Com. Pl. 2003) ("plaintiff has no obligation to mitigate damages [under TCPA], since the amount of damages is specifically set by statute and is therefore mandatory"). Accordingly, Ms. Fillichio is entitled to statutory damages in the amount of $78,500 (157 calls multiplied by $500).[3]

Regarding Ms. Fillichio's argument that she is entitled to treble damages, I find that there is a disputed issue of material fact as to whether the TCPA violations were "willful and knowing" under § 227(b)(3)(B). MRS has presented evidence from its corporate representative that it was not aware that 954-803-#### was a cellular telephone number, and that it was merely selected from a credit bureau report. *See* Deposition of William Perkins at 22 [D.E. 28-1]. Further, the affidavit of Michael Meyer, the chief information officer for MRS, states that MRS is aware of "cell phone scrub" technology – which supposedly alerts an entity that it is calling a cellular telephone – but that no company selling this technology has provided MRS with any assurance that the product is "precise and correct." Thus, MRS "question[s] the utility of the product."

In conclusion, Ms. Fillichio is entitled to summary judgment for MRS' violations of the § 227(b)(3)(B) of the TCPA in the amount of $78,500. However, summary judgment is denied as to treble damages.

---

[3] It may seem that, under the circumstances, an award of $78,500 to Ms. Fillichio is excessive. But my job is to apply the TCPA as Congress wrote it, not as it might have been written.

## IV. CONCLUSION

In conclusion, Ms. Fillichio's motion for summary judgment [D.E. 24] is GRANTED in part and DENIED in part. A final judgment will be entered at the end of the case.

DONE and ORDERED in chambers in Miami, Florida, this 19th day of October, 2010.

*Adalberto Jordan*
Adalberto Jordan
United States District Judge

Copies to:    All counsel of record