UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-61629-Civ-Jordan/McAliley

SANDRA W. FILLICHIO, and
CHERISE A. JENNETTE

    Plaintiffs,

v.

M.R.S. ASSOCIATES, INC.

    Defendant.
_____/

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE

Plaintiff, Sandra W. Fillichio, files her Opposition to the Defendant's Motion in Limine (DE 59) this states as follows:

1. Defendant's Motion in Limine makes 4 requests of the Court and each should the denied. First, Defendant's request to preclude evidence from Plaintiff's cellular phone company is moot. Second, Defendant's request to preclude Plaintiff's from testifying as to her personal knowledge of her cellular phone number is also moot. Third, the issue of whether Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA") were willful or knowing is a question of fact for the jury to decide, and Defendant's knowledge "cell phone scrub" technology is directly related to that issue. Fourth, Defendant's alleged violation the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA") shows a patter of behavior or practice of willfully and knowingly violating federal and state laws with respect to Plaintiff

involving the exact same facts and circumstances as Defendant's violations of the TCPA at issue in this case.  Consequently, Defendant's Motion in Limine should be denied in its entirety.

### DEFENDANT'S REQUEST TO PRECLUDED PLAINTIFF FROM OFFERING EVIDENCE THAT PLAINTIFF'S NUMBER IS A CELLULAR PHONE NUMBER IS MOOT

2.     Defendant's request for an order prohibiting the Plaintiff from calling a representative of a cellular telephone provider to testify and from offering certified business records of a cellular telephone provider is moot.  This Court's Order on Motion for Summary Judgment states: "Ms. Fillichio purportedly has personal knowledge of her own cellular telephone number. . . . MRS has failed to raise a genuine issue of material fact as to whether the number dialed belonged to Ms. Fillichio's cellular phone."  (DE 63) Plaintiff does not intend to call a representative from Plaintiff's cellular phone company and does not intend to offer certified business records from the cellular phone company as evidence that the number Defendant's called was Plaintiff's cellular phone. Plaintiff respectfully request the court deny Defendant's request to preclude evidence from Plaintiff's cellular phone company as moot.

### DEFENDANT'S REQUEST TO PRECLUDED PLAINTIFF FROM OFFERING TESTIMONY REGARDING HER PERSONAL KNOWLEDGE OF HER CELLULAR PHONE NUMBER IS MOOT

3.     Defendant's request to preclude Plaintiff from offering testimony regarding her personal knowledge of her cellular phone number is moot.  This Court's Order on Motion for Summary Judgment states: "Ms. Fillichio's statements are not hearsay . . . . Ms. Fillichio purportedly has personal knowledge of her own cellular telephone number."

(DE 63)  The fact that Defendant called Ms. Fillichio's cellular phone number is not at issue in the trial. Plaintiff respectfully request the court deny Defendant's request to preclude Plaintiff's from testifying as to her personal knowledge of her cellular phone number as moot.

## PLAINTIFF SHOULD NOT BE PRECLUDED FROM REFERING TO A CELL PHONE SCRUB TECHNOLOGY

4. The issue at trial is whether Defendant's violations of the TCPA were willful and knowing.  TCPA permits a trebling of damages where a party "willfully or knowingly" violates the TCPA. 47 U.S.C. §227(b)(3). Defendant requests the Court exclude all evidence relating to cellular phone scrub technology. Defendant's arguments that the product is not precise and that the product is of questionable reliability are factors for the jury to determine. (See DE 59) Indeed, to exclude all evidence of cellular phone scrub technology would be prejudicial to Plaintiff. That fact that Defendant was aware of cell phone scrub technology goes directly to question of whether the violations were willful and knowing.  Other than defining the term "willful" Defendant offers no authority that would require the evidence of cell phone scrub technology to be excluded from trial. Plaintiff respectfully request the court deny Defendant's request to exclude any evidence relating to a cell phone scrub technology.

## PLAINTIFF SHOULD BE ABLE TO REFER TO DEFENDANT'S VIOLATIONS OF THE FDCPA AND FCCPA

5. The fact that Defendant allegedly violated the FDCPA and the FCCPA shows a patter of behavior or practice of willfully and knowingly violating federal and state laws with respect to Plaintiff. Further, the FDCPA, the FCCPA, and the TCPA

claims are related. All the claims involve the same facts and circumstances. Defendant left messages on Plaintiff's cellular phone which violated multiple laws. The same messages are at issue in the FDCPA, FCCPA, and TCPA claims. (See Plaintiff 's Original Complaint ¶¶ 11, 24, 26, 28, 30, 32, 34, 38 (DE 1))  Defendant's request for an order excluding any reference to the FDCPA and/or FCCPA and to bar any evidence relating to the elements of those claims at trial in this case is overly broad and should be denied.

6. In summary, Plaintiff respectfully request the Court deny Defendant's Motion in its entirety. Defendant's requests regarding the proof of Plaintiff's numbering being assigned to a cellular phone are moot. Defendant's request to exclude evidence relating to cellular phone scrub technology goes to the issue at trial of Defendant's willful and knowing violations of the TCPA and should not be excluded. Finally, Defendant's alleged violations of the FDCPA and FCCPA also goes to the issue at trial of Defendant's willful and knowing violations the TCPA as a pattern of behavior involving the exact same facts and circumstances.

Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
donyarbrough@mindspring.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.

Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-61629-Civ-Jordan/McAliley

SANDRA W. FILLICHIO, and
CHERISE A. JENNETTE

    Plaintiffs,

v.

M.R.S. ASSOCIATES, INC.

    Defendant.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 21, 2010 I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                    s/Donald A. Yarbrough
                                    Donald A. Yarbrough, Esq.

## SERVICE LIST

Mr. Ronald S. Canter, Esq.
The Law Offices of Ronald Canter, LLC
Suite 1200
11300 Rockville Pike
Rockville, MD 20852
Telephone: 301-770-7490
Facsimile: 301-770-7493

Via Notices of Electronic Filing generated by CM/ECF