UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No.:  09-61629-Civ-Jordan/McAliley

SANDRA W. FILLICHIO

    Plaintiff,

v.

M.R.S. ASSOCIATES, INC.,

    Defendant.

_____/

**DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

    Your Defendant, MRS Associates, Inc., hereby submits its Proposed Findings of Fact and Conclusions of Law:

**I.    FINDINGS OF FACT**

1. Sandra Fillichio, Plaintiff, incurred a credit card debt with Chase Bank.

2. In October, 2008, Chase Bank retained MRS Associates, Inc., Defendant, to collect the debt.

3. MRS Associates, Inc. is a collection agency licensed to conduct its business by the State of Florida.

4. Chase Bank provided MRS with the Plaintiff's home telephone number when referring the account for collection.

5. MRS obtained Ms. Fillichio's cellular telephone number (954) 803-XXXX from her credit report.

6. MRS sent Ms. Fillichio six letters attempting to collect Chase's debt (Defendant's Exhibits 1 through 6), with the first letter dated October 8, 2008.

1

7. When MRS obtained Ms. Fillichio's cell phone number from her credit report, the report did not list the phone number as a cell phone.

8. Plaintiff never notified MRS that (954) 803-XXXX was her cell phone number.

9. MRS was not notified by any other person that (954) 803-XXXX was Ms. Fillichio's cell phone number, nor did MRS have any data or other information to show that (954) 803-XXXX was Plaintiff's cell phone number.

10. Between October, 2008 and March, 2009, MRS placed 157 phone calls by an automated dialing device to the Plaintiff's cellular telephone and left 31 messages in an effort to collect the past due debt.

11. Ms. Fillichio never responded to MRS' six letters nor to any of the messages left for her.

12. Ms. Fillichio never answered any of the calls made by MRS.

13. Ms. Fillichio never called or wrote to MRS asking that they stop calls to her.

14. William Michael Perkins, Manager of Quality Assurance for MRS spoke with Chad McCormick, MRS' Dialer Strategy Manager within one to two months prior to his deposition in May, 2010 regarding the use of a cellular phone scrub. During this conversation, Mr. McCormick explained the benefits of using a cell phone scrub to Mr. Perkins and explained what the cell phone scrub could do.

15. Michael Meyer, Chief Information Officer and Chief Security Officer of MRS is familiar with cell phone scrub products marketed by companies.

16. Although cell phone scrubs are on the market, no vendor has provided MRS with any assurance that the product is precise and correct and/or that it identifies all cell phone numbers and/or only identifies cell phone numbers.

17. The cell phone scrub vendors that have solicited Mr. Meyer for business have refused to disclose the origin of the data that is used to create a cell phone scrub.

18. As a result of the failure of the vendors to identify the origin of the information sold as cell phone scrubs and as a result of a vendor's failure to assure the product is precise and correct, Mr. Meyer doubts the utility of using a cell phone scrub.

19. ACA International, the trade association representing the debt collection industry, contends that the use of cell phone scrubs is inherently deficient and not a viable solution for its members.

## II.   CONCLUSIONS OF LAW

1. 47 U.S.C. §227(b)(3) provides for a private right of action for violations of the Telephone Consumer Protection Act and permits a party to receive actual monetary loss for each violation or $500.00 in damages for each violation, whichever is greater.

2. If Court finds that a Defendant willfully or knowingly violated the Telephone Consumer Protection Act or regulations prescribed thereunder, the Court may, in its discretion, increase the amount of award to an amount equal to not more than three times the amount available under 47 U.S.C. §227(b)(3)(B).

3. Plaintiff has failed to establish that MRS had knowledge that phone number of (954) 803-XXXX was a cell phone number.

4. Plaintiff has failed to establish that if the Defendant used the product known as a cell phone scrub it would have discovered that the phone number of (954) 803-XXXX was a cellular telephone.

5. Plaintiff has not produced any evidence as to the extent of the use of cell phone scrubs in the debt collection industry or that their use is a standard industry practice.

6. In order to establish a willful violation, the Plaintiff is required to show that MRS either knew or showed reckless disregard as to whether its conduct was prohibited by the TCPA. *See*, McLaughlin v. Richland Shoe Company, 486 U.S. 128, 133 (1988) (interpreting "willful" under Fair Labor Standards Act) and Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1165

(11th Cir. 2008) ("willfulness is defined as either knowing or showing 'reckless disregard for the matter of whether its conduct is prohibited'").

7. The fact that MRS did not use a cell phone scrub is not evidence of reckless disregard sufficient to establish a willful violation of the TCPA.

8. Plaintiff has failed to meet its burden of establish a willful or knowing violation of the Telephone Consumer Protection Act.

THE LAW OFFICES OF RONALD S. CANTER, LLC

/s/ Ronald S. Canter
Ronald S. Canter, Esquire
11300 Rockville Pike, Suite 1200
Rockville, MD 20852
Telephone:  301-770-7490
Facsimile:  301-770-7493
E-Mail:  rcanter@roncanterllc.com
Attorney for Defendant

400 S. Dixie Hwy #322
Boca Raton, FL  33432
Local Address

CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual listed below by Electronic Notification on this 22nd day of October, 2010 to:

Donald A. Yarbrough, Esquire
Post Office Box 11842
Fort Lauderdale, FL  33339
Attorney for Plaintiff

/s/ Ronald S. Canter
Ronald S. Canter, Esquire

Attorney for Defendant